UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

**DYMOND CANADA,**

   **Plaintiff,**

vs.                                                              CASE NO.:

**SENDER, INC. d/b/a SENDOSA,**

   **Defendant.**                              /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DYMOND CANADA ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, SENDER, INC. d/b/a SENDOSA, ("Defendant") and in support thereof states as follows:

**JURIDISCTION AND VENUE**

1. This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Jurisdiction is conferred upon this Court by:

   a. 42 U.S.C. § 200e-5;

   b. 28 U.S.C. § 1331; and

   c. 28 U.S.C. § 1343.

3. Venue is proper for the United States District Court for the District of Arizona because:

   a. Plaintiff's employment with Defendant took place in the District of Arizona;

b.  The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the District of Arizona; and

c.  Additionally, venue lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the District of Arizona, and because Defendant is subject to personal jurisdiction there due to employing Plaintiff in the District of Arizona.

d.  Specifically, Plaintiff was employed and terminated by Defendant at 100 N. 61st Avenue, Phoenix, Arizona 85043.

## **CONDITIONS PRECEDENT**

4.  Prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.

5.  Plaintiff's charge of discrimination was received by the Equal Employment Opportunity Commission on March 15, 2021.

6.  On September 30, 2021 Plaintiff requested a Right to Sue letter from the Equal Employment Opportunity Commission.

7.  Plaintiff received the Notice of Right to Sue October 1, 2021.

8.  This Complaint is being filed within ninety (90) days of the date in which Plaintiff requested his Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC.

9.  All conditions precedent to the institution of this lawsuit have been fulfilled.

**PARTIES**

10. Plaintiff is a citizen of the United States, who during all material times resided in the District of Arizona, and currently resides in the District of Arizona.

11. Plaintiff's gender is female.

12. SENDER, INC. d/b/a SENDOSA is a Foreign For-Profit Corporation listing its principal office address as 8 The Green, Suite A, Dover, DE 19901. See Arizona's Division of Corporations website at www.azcc.gov

13. SENDER, INC. d/b/a SENDOSA lists its local address as 6900 E. Camelback Road, Suites 500 & 1100, Scottsdale, Arizona 85251. *Id*

14. Plaintiff worked for Defendant at its 100 N. 61st Avenue, Phoenix, Arizona 85043 location.

15. Plaintiff worked for Defendant as a Warehouse Associate.

16. Plaintiff was/is an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

17. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

18. Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

19. At all times material to this action, Defendant engaged in unlawful gender discriminatory and retaliatory practices against Plaintiff in violation of Title VII.

## STATEMENT OF CLAIMS

20. Plaintiff was hired by Defendant on or about December 22, 2020 as a Warehouse Associate.[1]

21. Defendant trained Plaintiff and directed her job duties, responsibilities, and hours worked.

22. During the first day of her employment, during training, Plaintiff was the target of a sexually harassing and offensive remark by one of Defendant's employees.[2]

23. Specifically, one of Defendant's employees made overtly sexually offensive comments about Plaintiff's buttocks.

24. Plaintiff immediately reported the comment to her Trainer.

25. After Plaintiff's lunch break, Plaintiff was subjected to further sexually harassing comments by the same employee.

26. Specifically, Defendant's employee commented "look at that ass" as Plaintiff walked by.

27. Plaintiff confronted Defendant's employee stating her offense to the comments made towards her.

28. Defendant's employee responded "Shut up, bitch. I'm the manager. I can look at whoever I want to."

29. Plaintiff immediately reported the comments to another Manager, Cat Osorio.

30. Ms. Osorio indicated she would make efforts to resolve the situation.

---

[1] Plaintiff utilized a third-party staffing agency, STS Staffing Agency, to gain employment with Defendant.
[2] The employee making the sexually harassing comments was male.

31. Later on the same day, the harassing employee confronted Plaintiff stating "You should not have said anything and just left it alone so that that I could continue to look at your butt".

32. Ms. Osorio sent Plaintiff home for the rest of the day with the understanding she and Plaintiff would meet the following day to discuss the harassment allegations. To that end, Ms. Osorio even provided Plaintiff with her personal cellphone number in case Plaintiff wanted to discuss the situation prior to the next morning's meeting.

33. On December 23, 2020, the following day, Plaintiff received a text message From David (unknown last name), an employee of the third-party staffing agency, STS Staffing Agency. The text from David stated "Hey, no need to report back. The [Defendant] has decided not to have you gals return back". See attached Exhibit "A"

34. Plaintiff responded by questioning "So was everybody fired or just the girls who want to report sexual misconduct? What are your policies for sexual discrimination by a supervisor?" *Id.*

35. Indeed, David asked Plaintiff to email him a full incident report. *Id.*

36. Plaintiff emailed David a written statement describing the sexual harassment she experienced at Defendant's facility.

37. Plaintiff was not invited to return to work with Defendant.

38. Plaintiff's employment was terminated by Defendant on or about December 23, 2020.

39. Plaintiff's employment was terminated by Defendant as a result of complaining about sexually harassing conduct by one of Defendant's employees.

40. Plaintiff engaged in protected activity when she complained multiple times of Defendant employee's sexually harassing and offensive conduct.

41. Defendant has engaged in unlawful employment practices in violation of Title VII by discriminating against Plaintiff when Defendant terminated her employment in retaliation for reporting sexually harassing and offensive conduct.

42. Plaintiff's employment was terminated in retaliation for engaging in statutorily protected activity.

43. Plaintiff's employment was terminated in retaliation based upon her gender, female.

44. Upon information and belief, the employee who made sexually harassing comments was not terminated.

45. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities.

46. The unlawful employment practices complained of above were intentional.

47. The unlawful employment practices complained of above were willful.

## APPLICABLE STATUTES

48. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

## COUNT I
## TERMINATION BASED ON RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY (TITLE VII)

49. Plaintiff re-alleges and adopts paragraph 1 – 48 as though set forth fully herein.

50. Defendant unlawfully retaliated against Plaintiff because she opposed a practice made unlawful by Title VII when she reported sexually harassing and offensive conduct by a co-worker.

51. Plaintiff's opposition to the practice was a protected activity under Title VII.

52. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under Title VII.

53. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his engaging in protected activity.

54. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, DYMOND CANADA, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

  e.  Injunctive relief;

  f.  Prejudgment interest;

  g.  Costs and attorney's fees; and

  h.  Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend this Complaint to seek punitive damages against Defendant</u>**

DATED this 28th day of December 2021.

        **MORGAN & MORGAN, P.A.**

        ***/s/ Rory Brian Riley***
        Rory Brian Riley, Esq.
        AZBN: 032933
        Morgan & Morgan, P.A.
        2355 Camelback Road, Suite 335
        Phoenix, AZ 85016
        Tel: (602) 735-0250
        Fax: (602) 735-0256
        Email: Briley@forthepeople.com
        ***/s/ Matthew R. Gunter***
        Matthew R. Gunter, Esq.
        (pro hac vice application forthcoming)
        FLBN: 0077459
        Morgan & Morgan, P.A.
        20 N. Orange Ave., Ste. 1600
        Orlando, FL 32801
        Tel.: (407) 420-1414
        Fax: (407) 867-4791
        Email: MGunter@forthepeople.com
        Attorneys for Plaintiff