**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| Dymond Canada, | ) | No.  CV-21-02218-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Sender Incorporated, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's Motion for Reconsideration (Doc. 88), in which it seeks reconsideration of the Court's July 24, 2023 Order denying Defendant's Motion for Summary Judgment (Doc. 86). In that Order, the Court denied summary judgment on the Title VII retaliation claim, finding disputed issues of material facts regarding whether Defendant subjected Plaintiff to an adverse employment action. (Doc. 86 at 6). The Court found that although some evidence supported Defendant's argument that Plaintiff resigned before she was terminated, other evidence supported Plaintiff's argument that her statements were not a resignation. (Doc. 86 at 5–6).

Reconsideration is disfavored and "appropriate only in rare circumstances." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Motions for reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions "be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for

reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). A motion for reconsideration may be brought based on "matters that the movant believes were overlooked or misapprehended by the Court." *Id.*

Defendant asserts that the Court did not consider three pieces of evidence and relied on an improper legal argument in denying Defendant's Motion for Summary Judgment. The Court did consider that evidence and did not rely on that argument, so the Motion for Reconsideration will be denied. Still, the Court acknowledges that it did not explicitly address the evidence and argument raised by Defendant's Motion for Reconsideration in the July 24, 2023 Order, so it will take the opportunity to do so now.

First, the three pieces of evidence—the December 23, 2020 audio recording, David Ramos's Declaration, and Mr. Ramos's email to Laurie Volk—may bolster Defendant's argument that Plaintiff resigned prior to her termination, but they do not establish as much as a matter of law. Initially, Plaintiff disputes that she sent Mr. Ramos the alleged December 23, 2020 text message described in his Declaration and copied into his email to Ms. Volk. (Doc. 84 at 4 ¶ 42). But even if the Court were to consider it undisputed that she sent the text message (*see* Doc. 84 at 4 ¶ 41), Plaintiff merely said that she and her friend, Donae Douglas, "told [Defendant's Human Resources employee Catherine Osorio] yesterday we no longer wanted to work at the job because of the situation that occurred." (Doc. 70 ¶ 41). Plaintiff does not dispute saying as much to Ms. Osorio, and the Court considered Plaintiff's statements as evidence to support Defendant's resignation argument—while also explaining why a juror could reasonably conclude that in context, Plaintiff's statements were not a resignation. (Doc. 86 at 5–6). The second part of Plaintiff's alleged text message does not change the Court's conclusion, either. Plaintiff's statement that "we didn't show up today to work, we showed up because [Ms. Osorio] asked us to explain to other managers," does little to support Defendant's resignation argument given that the night before, Defendant had already asked the staffing agency to end Plaintiff's assignment at its warehouse. (Doc. 70

¶¶ 29–30, 41).

In the December 23, 2020 audio recording, Plaintiff repeats many of the same statements already discussed above and in the July 24, 2023 Order—that she told Ms. Osorio that she "no longer wanted the job," that she did not "care about the job," and that she did not "want to work" for Defendant. (Doc. 70 ¶¶ 38–39). The only other statement from the recording that Defendant cites—that Plaintiff had "signed [herself] out of the job" on December 22, 2020—does not show that Plaintiff resigned, as Ms. Osorio told Plaintiff to go home at the end of their conversation. (Doc. 70 ¶¶ 27, 38). Accordingly, the three pieces of evidence do not show that the Court's Order denying summary judgment was erroneous.

Second, Defendant's Motion for Reconsideration argues that the Court improperly relied on a constructive discharge theory—an argument raised by Plaintiff and objected to by Defendant in the summary judgment briefing—in finding that there was some evidence that Plaintiff did not resign. But the Court did not rely on a constructive discharge theory, which includes as an element that the employee "actually resigned." *Green v. Brennan*, 578 U.S. 547, 555 (2016). Instead, the Court found that in the context of the conversation between Plaintiff and Ms. Osorio, "[a] juror could reasonably infer from Plaintiff's statements that she *was not resigning* but merely requesting a change in working conditions." (Doc. 86 at 6 (emphasis added)). In response to Plaintiff's statements—which, again, the Court found were not necessarily a resignation—Ms. Osorio told Plaintiff to go home and later told the staffing agency to end Plaintiff's assignment with Defendant, which a reasonable juror could therefore conclude was an adverse employment action.

///

///

///

///

///

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Doc. 88) is **denied**.

Dated this 8th day of August, 2023.

Honorable Steven P. Logan
United States District Judge